LOUIS KAFKA, JACOB KAFKA AND HARRIS GREENBURG,
APPELLEES, v. GEORGE GRANT, APPELLANT.

Submitted March 22, 1906—Decided June 11, 1906.

A real estate agent told prospective purchasers that the property was
   about twenty-five by sixty-five feet, when in fact it was twenty-
   three by sixty. The purchasers were, however, taken to the prop-
   erty and examined it. The agent further stated that the property
   was leased for five years, when in fact four months of the time
   had expired. *Held*, that neither misstatement was fraudulent or
   such a misrepresentation as to justify the rescission by the pur-
   chasers of a contract for the sale of the property.

On appeal from the First District Court of Jersey City.

Before Justices FORT, PITNEY and REED.

For the appellant, *Walter L. McDermott.*

For the appellees, *Isaac F. Goldenhorn.*

The opinion of the court was delivered by

PITNEY, J. Grant, the defendant and appellant, is a real
estate agent, who was authorized by one Herbert, the owner,
to sell a parcel of real estate situate on the corner of Hen-
derson and Fourth streets, in Jersey City, and known as No.
415 Henderson street. He negotiated a sale of the same to
the plaintiffs, and a written contract was signed between the
plaintiffs and Herbert, at the signing of which the plaintiffs
paid to Grant $250 on account of the purchase price. Dur-
ing the negotiations Grant stated to the plaintiffs that there
was a five years' lease upon the property (it seems to have
been used as a saloon), and that the dimensions of the prop-
erty were about twenty-five feet wide by sixty-five feet deep.
Grant, however, refused to put these dimensions in the writ-
ten contract, but took the plaintiffs to the property, and they
examined it. The property was in fact twenty-three feet

wide and sixty feet deep; there was a lease upon the property, which ran for five years, from March 1st, 1905; the date of the written agreement between the plaintiffs and Herbert being June 9th, and the date therein fixed for passing title being July 10th, in the same year. The lessee had left the premises, but continued to pay the rent under the lease.

At the time and place specified in the contract Herbert was ready to convey the property to the plaintiffs, but plaintiffs declined to take title upon the ground that Grant had misrepresented the facts as to the lease and as to the dimensions of the property, and plaintiffs thereupon demanded the return of the $250 which they had paid. For some reason that does not appear, $50 were paid to them; the remaining $200 Grant refused to pay. The plaintiffs brought suit against Herbert and Grant to recover the latter sum, and upon the trial, before the District Court judge, without a jury, the action was discontinued as against Herbert, and the court, upon finding the foregoing facts, gave judgment in favor of the plaintiffs against the defendant, Grant, for $200, with costs.

The trial judge did not find that the representations of Grant were fraudulent, nor do we think that fraud is a reasonable inference from the facts as found by him. The representation as to the dimensions of the property was avowedly but an approximation, and was not relied upon, nor intended to be relied upon, as a precise statement. The plaintiffs themselves examined the property, and could, of course, have measured it if its exact dimensions were essential to the bargain.

The representation respecting the lease was substantially true as made. When plaintiffs were apprised that there was a five years' lease upon the property, this carried with it the implication that some portion of the term had expired. So far as appears, they asked for no precise information as to the residue of the term remaining unexpired. At the time fixed by the written contract for the passing of title, only a little over four months of the five years' term had elapsed. In respect of this representation, therefore, there was not, as

we think, sufficient ground to attribute fraud to Grant. Nor was there any misrepresentation sufficient to justify the rescission of the contract.

We think, therefore, the trial judge erred in allowing a recovery against Grant.

Let the judgment be reversed and final judgment be entered in favor of the appellant against the appellees, with costs.